# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2010

No. 09-70034

Lyle W. Cayce
Clerk

MARK ANTHONY STROMAN,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1616

Before JONES, Chief Judge, and HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

In the wake of the 9/11 terrorist attacks, Mark Anthony Stroman, a member of the Aryan Brotherhood, murdered two individuals he believed to be of Middle Eastern descent. He was convicted and sentenced to death. He sought federal habeas relief; the district court denied his petition and refused to grant a certificate of appelability (COA). Stroman now seeks a COA from this Court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-70034

pursuant to 28 U.S.C. § 2253. Because reasonable jurists would not find it debatable that the district court's rejection of the underlying habeas petition was correct, Stroman's application for a COA is **DENIED.**

## I. BACKGROUND

Stroman murdered a gas station attendant, Vasudev Patel, in the course of an attempted robbery. Patel's murder was the last in a series of shootings – resulting in two individuals killed and one severely disfigured – that Stroman committed post-9/11 against those whom he believed to be of Middle Eastern descent. Stroman testified at trial that the United States government "hadn't done their job so he was going to do it for them." Patel's murder, planned in advance, was captured in graphic detail by the gas station's surveillance camera. Stroman was convicted and sentenced to death. He has never shown remorse for the murders, and he even composed poetry in prison expressing his pride in his crimes.

The district court denied Stroman's habeas petition, concluding, among other things, that all but three of Stroman's claims were unexhausted and therefore procedurally barred, and the claims that were not procedurally barred warranted no habeas relief. Stroman now moves for a COA.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2253(c)(2), a petitioner seeking a COA must demonstrate "a substantial showing of the denial of a constitutional right." In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the U.S. Supreme Court clarified: "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). The district court's review of the conviction was, like ours, guided by the deferential standards of AEDPA.

## III.  DISCUSSION

### A.    Stroman's Unexhausted and Procedurally Barred Claims

Stroman's habeas petition presented several unexhausted claims, including: actual innocence; lack of a presumption of innocence; lack of a fair defense; and ineffective assistance of counsel claims for failure to investigate and failure to introduce favorable evidence. Stroman does not contend that the claims are exhausted. He instead argues that: (1) he is excused from exhaustion because he is actually innocent; (2) the state corrective procedure was ineffective to protect his rights as per 28 U.S.C. § 2254(b)(1)(B)(ii); and (3) his failure to exhaust is excused in light of *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007).

We have reviewed the record, and we conclude that the district court's treatment of the actual innocence claim is not debatable among jurists of reason. To receive a hearing on the merits on a successive habeas claim, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him' in light of newly discovered evidence." *Schlup v. Delo*, 513 U.S. 298, 332-33 (O'Connor, J., concurring). Moreover, the "new reliable evidence" ought to consist of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 324). Stroman's proffered evidence of mental problems falls far short of this demanding standard. The district court correctly applied this standard.

As to his claim of ineffective process, Stroman points to a "systemic failure of the [Texas] habeas system to provide competent counsel to investigate and present habeas claims to the Texas courts." There is no constitutional right to counsel in post-conviction proceedings. Thus, the district court correctly noted that numerous Fifth Circuit decisions reject this premise as a ground for habeas

relief. *See, e.g.*, *Ruiz v. Quarterman*, 460 F.3d 638, 644 (5th Cir. 2006) ("Yet the law of this Court is clear: ineffective state habeas counsel does not excuse failure to raise claims in state habeas proceedings.").

Stroman also mistakenly claims that a different *Ruiz* decision – *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007) – excuses his failure to exhaust his claims. *Ruiz* held that Tex. Code Crim. Proc., art. 11.071, § 5(a)(1), did not serve, under unusual circumstances, as an independent and adequate state bar when the Texas Court of Criminal Appeals failed to state the basis for its rejection of a successive petition. Here, Stroman never filed a successive state petition, and thus, there never was a § 5(a) ruling. The Fifth Circuit has held post-*Ruiz* that § 5(a) remains an independent and adequate state ground for the purpose of imposing a procedural bar. *See Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008); *see also Rocha v. Thaler*, 619 F.3d 387 (5th Cir. 2010) (denying an application for a COA as an abuse of the writ under § 5), *clarified and panel rehearing denied*, ___ F.3d ___, 2010 WL 4630794 (5th Cir. Nov 17, 2010). *Ruiz* does not excuse Stroman's failure to exhaust.

**B.     Stroman's Ineffective Assistance of Counsel Claims**

Stroman has properly exhausted two ineffective assistance of counsel claims: one for his counsel's failure to challenge a juror, and another for his counsel's failure to object to purported hearsay. The record demonstrates, however, that the district court carefully and correctly analyzed both prongs of *Strickland v. Washington*, 466 U.S. 688 (1984). Stroman cannot demonstrate an arguable infringement of his right to effective assistance of counsel. Reasonable jurists could not debate that the state court's denial of relief must be sustained under AEDPA.

## IV.  CONCLUSION

Because the district court's conclusions are not debatable by jurists of reason, we **DENY** Stroman's motion for a COA.