# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 11-70011

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2017

Lyle W. Cayce
Clerk

ROLANDO RUIZ,

        Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

        Respondent - Appellee

Appeal from the United States District Court for the
Western District of Texas, San Antonio

Before HIGGINBOTHAM, DENNIS, and ELROD, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Rolando Ruiz murdered Theresa Rodriguez for remuneration on July 14, 1992, a crime for which he has been convicted and sentenced to death. In the two decades since, Ruiz has enjoyed the full benefit of the procedural protections of the laws of the United States and the State of Texas. With less than a month before his execution, Ruiz returns to this Court, asserting that we were in error in determining that the Texas Court of Criminal Appeals had denied his *Wiggins* claims on the merits rather than based on state procedural grounds. Unpersuaded, we deny the motion to recall mandate.

I.

After his direct appeals, Ruiz filed his first state application for a writ of habeas corpus on September 15, 1997.[1] The Texas Court of Criminal Appeals denied relief in an unpublished opinion on April 2, 2003.[2] On February 18, 2004, Ruiz filed his first federal petition for a writ of habeas corpus in the Western District of Texas, asserting various claims including, for the first time, *Wiggins*[3] claims of ineffective assistance of counsel.[4] The district court correctly determined that those claims were unexhausted and denied relief.[5] We affirmed that decision and denied a certificate of appealability.[6]

Ruiz subsequently returned to the state courts to press his *Wiggins* claims. In 2007, the Texas Court of Criminal Appeals issued an unpublished opinion denying relief,[7] with a four-judge plurality characterizing the petition as an abuse of the writ, as well as a separate statement by Judge Womack and a dissenting statement by Judge Holcomb. Ruiz then returned to the federal district court under Rule 60(b), requesting that court set aside its earlier denial of relief and arguing that the Texas Court of Criminal Appeals decision dismissing his second state habeas petition was a decision on the merits.[8] The district court determined that "[b]ecause the state appellate court dismissed petitioner's second state habeas application on state writ-abuse principles,

---

[1] *See Ruiz v. Dretke*, No. SA-03-CA-303-OG, 2005 WL 2146119, at *7 (W.D. Tex. Aug. 29, 2005).

[2] *Id.*

[3] *Wiggins v. Smith*, 539 U.S. 510 (2003). In *Wiggins*, the Supreme Court held that inadequate investigation into mitigating evidence by counsel could constitute ineffective assistance of counsel under the *Strickland* factors. *See also Strickland v. Washington*, 466 U.S. 668 (1984).

[4] *Ruiz*, 2005 WL 2146119, at *9.

[5] *Id.* at *12.

[6] *Ruiz v. Quarterman*, 460 F.3d 638 (5th Cir. 2006).

[7] *Ex parte Ruiz*, No. WR-27,328-03, 2007 WL 2011023 (Tex. Crim. App. July 6, 2007).

[8] *Ruiz v. Quarterman*, No. SA-03-CA-303-OG, 2007 WL 2437401 (W.D. Tex. July 10, 2007).

petitioner has procedurally defaulted on those claims for purposes of federal habeas review."[9]

We reversed.[10] We held that the principles of *Michigan v. Long* and *Harris v. Reed*[11] "give[] to state courts control over the federal review of their opinions" by giving them the power to plainly state the grounds their decisions rest upon.[12] Because we were uncertain that the decision of the Texas Court of Criminal appeals turned on state law grounds,[13] we determined—as we were required to do—that Ruiz's petition rested on federal law and that "Ruiz's *Wiggins* claim was properly before the federal district court."[14] Ruiz then returned to the district court, which held an evidentiary hearing[15]—the first by any court—and determined that, while Ruiz had persuaded that his counsel's performance was deficient, he had failed to demonstrate the requisite prejudice.[16]

---

[9] *Id.* at *4.

[10] *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007).

[11] *Michigan v. Long*, 463 U.S. 1032 (1983); *Harris v. Reed*, 489 U.S. 255 (1989). In particular, in *Long*, the Court held that "when . . . a state court decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion, we will accept as the most reasonable explanation that the state court decided the case the way it did because it believed that federal law required it to do so." *Long*, 463 U.S. at 1040-41; *accord Harris*, 489 U.S. at 264-65 (rejecting the argument that the "plain statement rule" should be replaced with a presumption that state courts rely on independent and adequate state law grounds).

[12] *Ruiz*, 504 F.3d at 527.

[13] As we discussed in 2007, "[t]he Texas Code of Criminal Procedure, as interpreted by the CCA, provides for subsequent applications where (1) the factual or legal basis for the subsequent claim was previously unavailable and (2) where the facts alleged would constitute a federal constitutional violation that would likely require relief from either the conviction or the sentence. The boilerplate dismissal by the CCA of an application for abuse of the writ is itself uncertain on this point, being unclear whether the CCA decision was based on the first element, a state-law question, or on the second element, a question of federal constitutional law." *Id.*

[14] *Id.* at 528.

[15] *Ruiz v. Thaler*, 783 F. Supp. 2d 905, 911 (W.D. Tex. 2011).

[16] *Id.* at 940, 947.

We denied Ruiz's subsequent request for a certificate of appealability.[17] While the district court had conducted a *de novo* examination of Ruiz's *Wiggins* evidence,[18] we reviewed that evidence under the deferential standard of 28 U.S.C. § 2254(d). This followed from our required resolution of uncertainty in the state court order in favor of federal jurisdiction.[19] We held that "Ruiz's new evidence bears scant resemblance to that adduced in *Wiggins* and *Williams v. Taylor*, cases in which the Supreme Court found prejudice" and that "[b]ecause there is no debatable issue on prejudice, we need not reach the question of whether Ruiz's trial counsel's failure to introduce the new habeas evidence at trial amounted to deficient representation."[20] The Supreme Court denied certiorari.[21]

## II.

Ruiz then returned to the Texas courts with a third state habeas application. The Texas Court of Criminal Appeals stayed his execution pending review before dismissing that petition late last year.[22] In that opinion, the Texas Court of Criminal appeals stated that "[the 2007 dismissal for abuse of the writ] did not address the merits of Ruiz's IAC claims" and characterized this Court's holding to the contrary as "an innovative way to allow the merits of Ruiz's IAC claims to be addressed by the federal district court."[23] According to Ruiz, these statements are evidence of a manifest error in our 2013 opinion. Ruiz avers that our decision that the Texas state courts had evaluated his *Wiggins* claims on the merits, and consequently that the § 2254(d) standard of

---

[17] *Ruiz v. Stephens*, 728 F.3d 416 (5th Cir. 2013).

[18] *Ruiz*, 783 F. Supp. 2d at 913.

[19] *Ruiz*, 728 F.3d at 423; *see also Ruiz*, 504 F.3d at 528.

[20] *Id.* at 427, 429.

[21] *Ruiz v. Stephens*, 134 S. Ct. 2290 (2014).

[22] *Ex parte Ruiz*, Nos. WR-27,328-03 and WR-27,328-04, 2016 WL 6609721 (Tex. Crim. App. Nov. 9, 2016).

[23] *Id.* at *4, *17 n.80.

review applied, is "clearly an error" in light of the Texas Court of Criminal Appeals's statements to the contrary. Ruiz urges that this error requires this court to recall the mandate in order to prevent injustice.

Our earlier decision was not erroneous. As we explained in our opinion, the writings of the separate and dissenting judges of the Texas Court of Criminal Appeals left us uncertain that its decision was footed in state law.[24] The principles of *Michigan v. Long* and progeny required that we resolve that uncertainty in favor of federal jurisdiction.[25] We respect the recent repair to its order by that able court and its statement of what it intended in its original ruling. We respectfully disagree that its intent was then fully effectuated.

Regardless, the fall of the error is now only a muse, for a contrary determination would not favor Ruiz, as we would then have not had jurisdiction to hear those claims.[26] Ruiz appears to argue that there is a middle ground between the deferential standard necessitated by the state court's "on the merits" dismissal of his *Wiggins* claims and a finding that he had procedurally defaulted. Not so. The Supreme Court has held that § 2254(d) applies even where the state court issues a summary denial without an accompanying statement of reasons.[27] "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[28] Our holding that the Texas Court of Criminal Appeals dismissed his petition

---

[24] *Ruiz*, 504 F.3d at 527. We discussed the separate writings of two judges. Those separate writings were not included in the published order of the court, but were before us. We have attached those statements here.

[25] *Id.* at 527-28.

[26] *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010); *see also Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

[27] *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[28] *Id.* at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013).

on the merits necessarily triggered the deferential standard he faced under § 2254(d) when he returned six years later. In short, Ruiz's *Wiggins* claims have run their course and are drained of purchase.

Ruiz's motion to withdraw the mandate is denied.



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## WR-27,328-03

## EX PARTE ROLANDO RUIZ

## ON APPLICATION FOR WRIT OF HABEAS CORPUS
## IN CAUSE NO. 92-CR-6718B FROM THE
## 227TH DISTRICT COURT OF BEXAR COUNTY

*Per Curiam.* WOMACK, J., *filed a statement respecting the dismissal of the application.* HOLCOMB, J., *filed a statement dissenting to the dismissal of the application in which* JOHNSON, J., *joins.* PRICE *and* HERVEY, JJ., *not participating.*

### ORDER

This is a subsequent application for writ of habeas corpus filed pursuant to Texas Code of Criminal Procedure, Article 11.071, Section 5. Applicant asserts in two claims that he failed to receive the effective assistance of counsel during his trial and post-conviction review.

Applicant was convicted of capital murder on January 18, 1995. We affirmed the conviction and sentence on direct appeal. *Ruiz v. State*, No 72,072 (Tex. Crim. App. February 25, 1998). On September 15, 1997, applicant filed his initial application for writ of habeas corpus pursuant to Article 11.071. We denied relief. *Ex parte Ruiz*, No. WR-

RUIZ - 2

27,328-02 (Tex. Crim. App. April 2, 2003).

We have reviewed these claims and find that they do not meet the requirements for consideration of subsequent claims under Article 11.071, Section 5. This application is dismissed as an abuse of the writ and the motion for stay of execution is denied.

IT IS SO ORDERED THIS THE 6TH DAY OF JULY, 2007.

Do Not Publish



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## WR-27,328–03

## EX PARTE ROLANDO RUIZ, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## FROM BEXAR COUNTY

*WOMACK, J., filed a statement respecting the dismissal of the application.*

I join the Court's order dismissing the subsequent application.

Ruiz asks us not to apply the statutory restriction on subsequent applications.* He alleges that he was denied effective assistance of counsel when his trial attorneys failed to present certain evidence at the punishment hearing, and his habeas counsel did just as badly by failing to raise that claim in his first application. In such circumstances, he argues, the restriction on subsequent applications cannot be used to leave an applicant without a remedy.

I think this is a serious and unresolved question, but it is not presented in this case.

The evidence in question was of two kinds: certain facts about the applicant's experiences during childhood and the opinion of a psychologist. Trial counsel hired the psychologist,

---

* CODE CRIM. PROC. art. 11.071, § 5.

(Ex parte Ruiz, concurrence - 2)

considered his report, and chose not to call him at trial because his findings about the applicant would do more harm than good. This was not an unreasonable decision.

The application does not allege that counsel knew of the facts about the applicant's childhood, nor does it demonstrate that counsel would have been unreasonable to decide that such facts would have been more harmful than helpful when the jury considered the issue of the applicant's being likely to commit criminal acts of violence in the future.

Therefore, it seems to me, we do not reach the question: whether the unreasonable failure of a first habeas application to present meritorious claims could ever be surmounted in the courts of this state.

Filed July 6, 2007.
Do not publish.



IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. WR-27,328-03

EX PARTE ROLANDO RUIZ

ON APPLICATION FOR WRIT OF HABEAS CORPUS
IN CAUSE NO. 92-CR-6718B FROM THE
277ᵗʰ DISTRICT COURT OF BEXAR COUNTY

HOLCOMB, J., *filed a statement dissenting to the dismissal of the application, joined by* JOHNSON, J.

## DISSENTING STATEMENT

In the case before us, the applicant "presents the clear question of whether the State of Texas can protect a judgment which rests on ineffective assistance of trial counsel by providing habeas counsel who failed to function as post-conviction counsel in any meaningful sense."[1] Thus, the applicant in this case has suffered a violation of his Sixth Amendment right to counsel not on one but at both the trial and the state habeas levels of proceedings. Ironically, it was due to the ineffective assistance of counsel in the state habeas proceedings that further deprived the applicant from receiving any relief at the federal level, in spite of both the federal district court

---

[1] Applicant's Subsequent Application for Post-Conviction Relief, at 1.

and the Fifth Circuit's recognition that applicant had been denied ineffective assistance by both his trial and state habeas counsels.[2] The present application is therefore this applicant's final means to obtain any meaningful redress for the significant deprivation of his Sixth Amendment rights that he has suffered during the lower court proceedings in this State.

Unfortunately, and with all due respect, I feel this Court has misinterpreted the applicant's actual claim. The question presented is not only whether the applicant's trial counsel was ineffective in failing to *present* mitigating evidence at the punishment phase of his capital murder trial, but also whether he was ineffective in failing to *investigate* substantial mitigating evidence when they had reason to believe that it might exist. This failure to investigate could, if true, support a Sixth Amendment claim for relief, especially after *Wiggins v. Smith,*[3] upon which the applicant principally relies. Indeed, there does appear to be a significant reason for the trial counsel to have believed such evidence existed. Nevertheless, he failed to investigate, let alone bring any mitigating evidence to the jury's attention. Similarly, the state habeas counsel failed to discover, let alone bring such evidence to the Court's attention, when he filed the first application for writ of habeas corpus on this applicant's behalf. Given what the federal courts found to be obvious and glaring failures of both the applicant's trial and state habeas counsels, I believe that this applicant should at least have been given a chance to be fairly heard at this, literally final,

---

[2]*See Ruiz v. Dretke,* Memorandum Opinion and Order of Judge Garcia, August 29, 2005 (Exhibit 3) (denying habeas relief on procedural grounds due to "[t]he inexplicable failure of petitioner's state habeas counsel to raise any of these claims during petitioner's state habeas corpus proceeding."). *See also Ruiz v. Quarterman,* 460 F.3d 638, 644 (5th Cir. 2006) (Exhibit 2) (similarly denying relief on procedural grounds in spite of acknowledging the district court's finding that "trial counsel was ineffective and [its suggestion] that state habeas counsel was [likewise] ineffective.").

[3]539 U.S. 510 (2003).

RUIZ - Page 3

stage of his proceedings.  Since the Court declines to do so, I respectfully dissent.

Filed: July 6, 2007

Do not publish