**John D. DOESCHER, Plaintiff-Appellant,**

v.

**W. J. ESTELLE, Jr., etc.,
Defendant-Appellee.**

No. 79–3188
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

May 1, 1980.

Rehearing and Rehearing En Banc
Denied May 30, 1980.

---

\* Fed.R.App.P. 34(a), 5th. Cir. R. 18.

Tedford E. Kimbell, Dallas, Tex. (Court-Appointed), for plaintiff-appellant.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

John D. Doescher, who is serving a Texas sentence for aggravated robbery, has appealed from the district court's denial of his petition for habeas relief. Doescher, represented by court-appointed counsel, was convicted upon trial by jury of the aggravated robbery of a supermarket, for which he received 75 years. On direct appeal the judgment was affirmed. *Doescher v. State,* 578 S.W.2d 385 (Tex.Cr.App.1978). Doescher was convicted in March, 1975, and his direct appeal was not decided until September 27, 1978. Rehearing en banc was denied, with opinion, on March 21, 1979. 578 S.W.2d at 391–393.

In April, 1977, Doescher filed a federal habeas petition seeking release from custody because of the delay in deciding his direct appeal. The district court dismissed without prejudice on grounds of failure to exhaust. *Doescher v. Estelle,* 454 F.Supp. 943 (N.D.Tex.1978). This Court dismissed the appeal as moot, having learned that the state court had decided the direct appeal. *Doescher v. Estelle,* 597 F.2d 281 (5th Cir. 1979). Doescher then filed an amended petition alleging three grounds. The district court denied habeas relief on the merits without an evidentiary hearing. He contends, first, that he is entitled to be released because of the delay in processing his direct appeal. We find no prejudice such as would entitle appellant to this drastic remedy, particularly since the judgment was affirmed on appeal. *U. S. v. Cifarelli,* 401 F.2d 512 (2d Cir. 1968), *cert. denied,* 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 448 (1968). Nor is there any merit in appellant's contention that his in-court identification by the robbery victims was tainted by pretrial photographic displays. The district court found that the displays were not impermissibly suggestive. This finding is not clearly erroneous. Even if it were, this Court has held in many cases that any taint in pretrial identification is immaterial where, as here, the witnesses' in-court identification is based upon observation during commission of the crime. *Robinson v. State,* 469 F.2d 690 (5th Cir. 1972), *cert. denied,* 411 U.S. 909, 93 S.Ct. 1539, 36 L.Ed.2d 199 (1973); *Perry v. State,* 456 F.2d 879 (5th Cir. 1972), *cert. denied,* 409 U.S. 916, 93 S.Ct. 248, 34 L.Ed.2d 178 (1972); *Ward v. Wainwright,* 450 F.2d 409 (5th Cir. 1971).

Finally, appellant contends that the district court erred in holding that he was barred from asserting invalidity of a search warrant for his residence. The district

court held that this ground was foreclosed by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). We disagree. The state trial court did not fully adjudicate Doescher's claim that the affidavit for the warrant contained false statements, since the court followed a procedure which was subsequently ruled unconstitutional by *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). On direct appeal, the Texas Court of Criminal Appeals was apparently unaware that, since the trial, *Franks* had been handed down. *Stone v. Powell, supra*, is therefore no bar since the State of Texas did not provide Doescher with a "full and fair" determination of his Fourth Amendment claim. As a matter of comity, however, it is appropriate that Doescher be required to first exhaust his state remedies as to this claim. *Cf. Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978) (en banc). It appears that Doescher can still obtain state habeas relief on this claim since he attempted to present the claim on direct appeal. *See Ex Parte Kirby*, 492 S.W.2d 579 (Tex.Cr.App.1973). If the Texas courts provide him with a full and fair determination of this claim as raised in a state habeas petition, then at that point *Stone v. Powell, supra*, will bar federal habeas relief on such a Fourth Amendment claim. In order to allow exhaustion, the district court's judgment as to this claim is therefore vacated and we remand to the district court for dismissal without prejudice.

AFFIRMED IN PART; VACATED IN PART and REMANDED.