Edward L. SMITH, Petitioner-Appellant,

v.

Ross MAGGIO, Jr., Warden, Respondent-Appellee.

No. 80–3991.

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1981.

George M. Strickler, Jr., New Orleans, La., (Court-appointed), for petitioner-appellant.

William R. Coenen, Jr., Asst. Dist. Atty., Richland Parish, Rayville, La., James F. McKay, III, Asst. Atty. Gen., New Orleans, La., for respondent-appellee.

Before AINSWORTH, GARZA and RANDALL, Circuit Judges.

AINSWORTH, Circuit Judge:

Edward L. Smith, a Louisiana prisoner serving a life sentence for murder, appeals the district court's denial of his petition for a writ of habeas corpus. He contends that the state trial court should have excluded from evidence a pistol taken from his home under a search warrant and introduced against him at trial because the affidavit accompanying the state's application for the warrant contained a deliberate misstatement of a material fact necessary to support issuance of the warrant.[1] Therefore, Smith asserts, the warrant was defective under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). However, before we can address the merits of Smith's fourth amendment claim, he must overcome the holding in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). We conclude that the principles developed in *Stone* require denial of Smith's claim, and accordingly we affirm the judgment of the district court.

The evidence introduced at Smith's trial demonstrated that he murdered Herschel Terry during the early morning hours of August 23, 1974, while Terry was sleeping in a camper with his common-law wife, Mary K. Smith. He then took Mary Smith in his car to a field and raped her. Prosecuted for capital murder, Edward Smith was convicted and sentenced to death. The Louisiana Supreme Court affirmed his conviction and sentence with full consideration

---

1. Ballistics tests demonstrated that this pistol fired the bullet that killed Smith's victim.

*State v. Smith*, 322 So.2d 197, 203 (La.1975).

of the same objection he raises here. *State v. Smith*, 322 So.2d 197 (La.1975). After his capital sentence was overturned on other grounds and Smith was resentenced to life imprisonment, he brought this federal habeas petition asserting his present fourth amendment claim.[2]

Smith's claim hinges upon an alleged discrepancy between the factual averments contained in the affidavit made by a deputy sheriff supporting the application for the search warrant and the testimony of Mary Smith at a hearing in his case in the state trial court. The affidavit stated that Mary Smith twice identified appellant as Terry's murderer from two separate photographic displays, but, according to appellant's contention, Mary Smith repudiated this identification at the pretrial suppression hearing. Appellant asserts that Mary Smith's testimony therefore demonstrated that the averments in the search warrant application regarding her photographic identification of appellant were false and, absent independent corroboration of the facts contained in the application regarding her identification, the search warrant should have been set aside and the gun suppressed as evidence.

However, Smith cannot obtain federal habeas corpus relief on this ground.

■ In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair consideration of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494, 96 S.Ct. at 3052 (footnotes omitted). The opportunity to present a fourth amendment claim to the state trial and appellate courts, whether or not that opportunity is exercised or proves successful, constitutes "an opportunity for full and fair consideration" of a defendant's fourth amendment claim under *Stone* absent sufficient factual allegations and proof that the state process is "routinely or systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits." *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980). Smith litigated the merits of his fourth amendment claim, although unsuccessfully, before trial and again on appeal.[3] This consideration satisfies the requirement that the state

**2.** Smith also asserted several other grounds for relief in his federal habeas petition. He has not pursued these issues on appeal, however, and has therefore waived them. *Boyd v. Estelle*, 661 F.2d 388, 389 n.1 (5th Cir. 1981); *Battie v. Estelle*, 655 F.2d 692, 694 n.1 (5th Cir. 1981); *id.* (authorities cited).

**3.** Louisiana permitted a defendant to challenge the veracity of representations made in an application for a search warrant prior to the *Franks* decision. *State v. Melson*, 284 So.2d 873 (La.1973), cited in *Franks v. Delaware*, *supra*, 438 U.S. at 176 app. B, 98 S.Ct. at 2687 app. B. Both the trial and appellate court concluded that there had been no misrepresentation and that Mary Smith did identify appellant from two photographic displays. The Louisiana Supreme Court, in an opinion by Judge (then Justice) Tate, set out the facts and its findings on this issue.

The state's case shows that, following the murder and rape, the sheriff's office secured a description of the perpetrator from Mary K. [Smith]. About five days later, at about 9:30 in the morning, at her motel room she was shown five photographs, in the record, of persons similar to her described appearance of the murderer. The group included a photograph of the present accused, whom the

sheriff's office had determined was a suspect for reasons not reflected by the record.

Mary K. immediately picked out the defendant's photo as that of her attacker, with whom she had spent some time and had had full opportunity to observe. The sheriff shuffled the photographs of persons of generally similar appearance, and she immediately picked out the accused's photograph again.

. . . .

The contention that the photographic identification did not take place is based on the testimony of Mary K. at the preliminary hearing. She denied that she had been shown the photographs at the motel, but insisted that she had been shown them twice at the courthouse and had not selected the defendant from among them but, instead, from seeing a photograph on the wall at the courthouse of another parish. However, this witness likewise admitted she was confused and in a state of shock during the days immediately following the murder and that "nobody brought me no pictures out there *that I can remember*. Like I said, I was pretty upset a couple of days." . . .

On the other hand, the deputy positively testified of her identification by the photographs. Other corroborating circumstances

afford a defendant the opportunity for a full and fair contest of his fourth amendment claim. *See Doescher v. Estelle*, 616 F.2d 205 (5th Cir. 1980); *Williams v. Brown, supra,* 609 F.2d at 218–20; *Swicegood v. Alabama,* 577 F.2d 1322, 1324–25 (5th Cir. 1978); *Caver ·v. Alabama,* 577 F.2d 1188, 1191–94 (5th Cir. 1978); *O'Berry v. Wainwright,* 546 F.2d 1204, 1213 (5th Cir.), *cert. denied,* 433 U.S. 911, 97 S.Ct. 2981, 53 L.Ed.2d 1096 (1977). We have never held that *Franks* requires the state independently to corroborate the representations made in an application for a search warrant in order for that warrant to stand muster when challenged, and we decline to do so today. The defendant bears the burden of invalidating a search warrant. *Franks v. Delaware, supra,* 438 U.S. at 156, 98 S.Ct. at 2676. While independent corroboration is helpful to the state in withstanding a veracity challenge to a warrant, it is not constitutionally required. Therefore, even if *Franks* is retroactive, a bridge we have yet to cross,[4] Louisiana afforded Smith a full and fair opportunity to litigate his fourth amendment claim. Accordingly, under *Stone* we may not reconsider the judgment of the Louisiana courts.

AFFIRMED.

support the credibility of his account—the testimony of other witnesses that he left with the group of pictures, the pictures themselves (which had been selected and reproduced for the interview at the motel), and the testimony of other witnesses as to what they did after the deputy returned with the report of Mary K.'s photographic identification. We also note that Mary K.'s testimony, although clear and unwavering as to the main events of the evening, showed confusion and inaccuracy as to many details of the minor incidents before and after the murder.

We are unable to find factual error in the trial court's holding that, prior to the detention of the defendant, Mary K. had made a photographic identification of him from among a group of photographs of similar-appearing men chosen on the basis of her prior description of the murderer immediately after it had occurred, despite her failure to recollect it when questioned at the preliminary examination.
*State v. Smith, supra,* 322 So.2d at 202–03 (emphasis in original). We may not reconsider the factual findings made by the Louisiana courts that Mary Smith did in fact identify appellant from the two photographic displays. 28 U.S.C. § 2254(d); *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

4. Our decision in *Doescher* did not hold *Franks* to be retroactive but instead dismissed Doescher's petition without prejudice so that he could first present any claim based upon *Franks* to the Texas courts. *Doescher v. Estelle, supra,* 616 F.2d at 207. In *Williams,* we explicitly assumed that *Franks* was retroactive only for the purposes of that case. *Williams v. Brown, supra,* 609 F.2d at 219 & n.7. We follow that course here.