# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-70014

JOHN LEZELL BALENTINE

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-39

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

John Lezell Balentine appeals the district court's denial of his petition for
a writ of habeas corpus and also seeks to expand his certificate of appealability
(COA) to include additional issues. We DENY Balentine's motion to expand the
COA and AFFIRM the district court's denial of his habeas petition.

On August 26, 1998, Balentine was charged with capital murder for killing
three individuals in Amarillo, Texas. A jury convicted Balentine, and he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentenced to death. The Texas Court of Criminal Appeals affirmed both the conviction and sentence on direct appeal. *Balentine v. State*, 71 S.W.3d 763 (Tex. Ct. Crim. App. 2002). Balentine subsequently filed for state habeas relief, but his petition was denied.

Balentine filed a federal habeas petition in November 2003, asserting eighteen grounds for relief. That petition later was amended to include only nine grounds. A magistrate judge recommended the denial of Balentine's petition but also recommended that a COA issue on two issues. The district court adopted the magistrate's recommendation, and Balentine timely appealed.

## DISCUSSION

### A.   *Expansion of the COA*

When a party seeks an expanded COA, we may certify the new issues if ordinary COA requirements are met. *United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A COA will issue when the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When, as here, a COA is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Before addressing the two grounds on which the COA was granted, we discuss the additional grounds he asserts. In ground seven, Balentine asserted that his Eighth Amendment right to individualized sentencing had been violated because of his trial counsel's failure to present mitigating evidence. In ground eight, Balentine asserted that his Eighth and Fourteenth Amendment rights had been violated because of his trial counsel's failure to investigate and present mitigating and risk-assessment evidence during the punishment phase of his trial. The district court construed both of these grounds as claims of ineffective

trial counsel and found them procedurally defaulted because Balentine had not presented the claims in his state habeas petition. *See Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir. 2001).

Balentine refers us to an exception to the exhaustion requirement. Even though counsel's ineffectiveness in appealing the denial of a state petition for collateral relief does not constitute cause for excusing procedural default, an exception *may* exist in "cases where state collateral review is the first place a prisoner can present a challenge to his conviction." *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). Balentine does not explain why the state habeas proceeding would have been the first opportunity to raise an argument concerning his trial counsel's ineffectiveness. He nonetheless concedes that this circuit has rejected that an exception exists under *Coleman*. *See Martinez*, 255 F.3d at 240 ("This court is foreclosed by precedent from considering whether an exception exists under the *Coleman* rule."). He raises the issue only to preserve it for further review. We reject the argument.

Balentine next argues that his failure to raise grounds seven and eight in his state habeas proceeding is excusable. The statute under which this petition was filed excuses exhaustion where "circumstances exist that render such [available State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). Balentine maintains that he was not required to exhaust his claims because the Texas habeas process, as a whole, suffers from "systemic defects in the mechanism for the appointment and selection of Texas habeas counsel." Yet Balentine makes no attempt to explain how the appointment and selection processes are flawed. Instead, he asks for an evidentiary hearing to develop such evidence.

The district court correctly characterized Balentine's argument as merely another way of asserting that having ineffective state habeas counsel should excuse procedural default. We have rejected similar arguments before. *See*

*Roberts v. Dretke*, 356 F.3d 632, 640 (5th Cir. 2004); *Martinez*, 255 F.3d at 239 n.10. In *Roberts*, the petitioner argued that Section 2254(b)(1)(B)(ii) applied because "the Texas Court of Criminal Appeals deprived his state habeas attorney of the funding needed to develop and present these claims" that his trial counsel was deficient. 356 F.3d at 640. We explained that "there is no right to counsel in habeas proceedings. By implication, there is no right to funding of state habeas counsel. The claims were not exhausted and were properly dismissed." *Id.* (citations omitted). Moreover, in *Martinez*, we held that "failure to provide 'competent' counsel for a state habeas petition does not fall under the general catch-all exception provided in § 2254(b)(1)(B)(ii)." 255 F.3d at 239 n.10.

Balentine distinguishes *Roberts* and *Martinez* on the basis that neither raised the argument that the state habeas system, as a whole, was ineffective. We find this distinction insignificant. Since there is no right to counsel in habeas proceedings in the first place, there can be no right to have the state habeas system appoint effective counsel. *See Roberts*, 356 F.3d at 640.

Grounds seven and eight are procedurally defaulted, and no evidentiary hearing is warranted. *See Clark v. Johnson*, 227 F.3d 272, 284 (5th Cir. 2000). Reasonable jurists would not find this conclusion "debatable." *See Slack*, 529 U.S. at 484. There is no reason to expand the COA.

B. *Fourth Amendment Claims*

The district court granted Balentine a COA on the first and second grounds alleged in his amended petition. Both grounds assert that evidence was admitted at Balentine's trial that was the product of Fourth Amendment violations. Balentine contends that this evidence should have been excluded. We now consider whether the district court was correct to hold that these claims cannot survive a procedural bar created by the Supreme Court.

There is no "habeas review of Fourth Amendment claims when the state has provided an opportunity for full and fair litigation of the claim." *ShisInday*

*v. Quarterman*, 511 F.3d 514, 524 (5th Cir. 2007) (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)). Balentine cites a precedent from this circuit in support of his argument that "full and fair litigation" did not occur. *See Doescher v. Estelle*, 616 F.2d 205 (5th Cir. 1980). In *Doescher*, we held that there was no "full and fair litigation" because the state trial court adjudicated the petitioner's Fourth Amendment claims under a procedure that was subsequently found unconstitutional. *Id*. at 207. Balentine does not argue an unconstutional procedure was applied in his state trial. Balentine also relies on another circuit's holding that federal habeas review is not foreclosed where a state trial court "willfully refuses to apply the correct and controlling constitutional standards." *Gamble v. Oklahoma*, 583 F.2d 1161 (10th Cir. 1978). We find no evidence of "willful" rejection of controlling precedent by the Texas court. At most, there might have been a misapplying of federal constitutional law. That does not suffice. "If the term 'fair hearing' means that the state court must correctly apply federal constitutional law, *Stone* becomes a nullity." *Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978).

Balentine was not deprived a "full and fair opportunity" to litigate his Fourth Amendment claims during his state trial. Prior to trial, he filed a motion to suppress, and the trial court held a hearing. Balentine also objected to the admission of the evidence at trial, and raised the claims on direct appeal. Accordingly, his claims are barred under *Stone*.

Balentine's request to expand the COA is DENIED, and the district court's dismissal of his habeas petition is AFFIRMED.