HAYNES, Circuit Judge,
concurring and dissenting:
I concur in the majority opinion with the exception of Section III.A. and the portion of the conclusion reflecting that ruling. I agree that a COA should be granted on this issue, but I respectfully dissent from the majority opinion’s determination, at this stage, that Rocha is not entitled to have a federal court review the merits of his Wiggins claim. The majority opinion represents a deft and scholarly approach, but it also represents a novel analysis not fully consonant with this court’s recent decision in Balentine v. Thaler, 609 F.3d 729 (5th Cir.2010), as well as other decisions of this court.
In Balentine, we addressed a case with an almost identical procedural posture and reversed the district court’s denial of the habeas petitioner’s Rule 60(b) motion as an abuse of discretion. We concluded that a Texas Court of Criminal Appeals’s decision denying habeas relief on a successive petition did not rest upon an independent state-law ground because “that denial could have been a decision that the facts were previously available and no excuse from presenting the claim earlier existed— an adequate and independent state ground — or that denial could have been based on a finding that the facts as alleged did not indicate a federal constitutional violation.” 609 F.3d at 737. Because the basis for the Texas Court of Criminal Appeals’s decision could have rested on a finding that the petitioner failed to allege facts establishing a federal constitutional violation — a question of federal constitutional law — the court concluded that Bal-entine was entitled to have a federal court review the merits of his Wiggins claim. Id. at 738 (citing Ruiz v. Quarterman, 504 F.3d 523 (5th Cir.2007)).
Balentine and Ruiz support a reversal of the district court’s denial of Rocha’s Rule 60(b) motion in the instant case. Here, the Texas Court of Criminal Appeals’s decision rested upon a finding that Rocha’s allegations “do not satisfy the requirements of Article 11.071, Section 5(a)(3).” Under our decisions in Balentine and Ruiz, the Texas Court of Criminal Appeals’s decision — relying on § 5(a)(3), which incorporates federal constitutional *409 law — was based on the merits of Rocha’s federal constitutional claim rather than an independent state-law ground. Balentine, 609 F.3d at 738 (“[A] ruling that the facts, if established, did not constitute a violation would also be ‘interwoven’ with federal constitutional law.”); Ruiz, 504 F.3d at 527 (“The boilerplate dismissal by the CCA of an application for abuse of the writ is itself uncertain on this point, being unclear whether the CCA decision was based on the first element [whether the factual or legal basis for the subsequent claim was previously unavailable], a state-law question, or on the second element [whether the facts alleged would establish a federal constitutional violation], a question of federal constitutional law.”). In short, our prior decisions in Balentine and Ruiz suggest that the Texas Court of Criminal Appeals’s decision in this case was merits-based rather than procedural, entitling Rocha to federal merits review of his Wiggins claim.
The majority opinion does not attempt to reconcile today’s result with our prior holding in Balentine, and it does not fully reconcile this ease with Ruiz, Hughes,[1] and Rivera.[2] Instead, the majority opinion instructs the clerk of the court to hold the mandate in this case because a petition for rehearing en banc has been filed in Balen-tine. The majority opinion’s approach is collegial but contrary to the circuit’s rule that one panel cannot overrule a prior panel’s decision in the absence of an intervening or superseding decision by the United States Supreme Court or a decision by this court sitting en banc. Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir.1999) (“It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United State Supreme Court, a panel cannot overrule a prior panel’s decision.”). Because this court’s prior decisions in Balentine and Ruiz have not been overruled or altered as of this date, we are bound to follow those decisions.
Our court’s jurisprudence in this area— including Balentine, Ruiz, Hughes, and Rivera — creates confusion as to the precise language that will be considered to be “an independent and adequate state ground” in cases where the state court does not elaborate on its reasoning. En banc consideration of Balentine (perhaps together with this case) may very well be appropriate but, as of this time, the court has yet to take that action, and Ruiz and Balentine remain controlling precedent. In the meantime, at a minimum, it makes little sense to hold the mandate in this case while denying the parties full briefing and possibly further oral argument on this issue. I would, at the very least, allow full briefing by the parties before deciding the merits of the procedural default question and, if appropriate, the merits of the Wiggins claim.[3]

. Hughes v. Quarterman, 530 F.3d 336 (5th Cir.2008).

. Rivera v. Quarterman, 505 F.3d 349 (5th Cir.2007).

. The majority opinion states that the issue of whether Rocha is entitled to federal merits review has already been "fully briefed and squarely addressed” by the parties at oral argument. But oral argument in this case was heard on June 14, 2010, and the Balen-tine decision was not released until June 18, 2010. Thus, the parties could not have fully briefed and argued the impact of Balentine on the instant case because that decision had not yet been released. While the parties did sub *410 mit letters pursuant to Federal Rule of Appellate Procedure 28(j) addressing the impact of Balentine, they did not get the benefit of full briefing or the opportunity to address the majority opinion’s novel interpretation of § 5(a)(3). Indeed, no other federal appellate court to date has applied this approach in such a situation. Accordingly, I conclude that this case would benefit from full briefing on whether, under Balentine, Ruiz, or the approach set forth in the majority opinion, federal merits review of Rocha's Wiggins claim is appropriate.