IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,381-03






EX PARTE WALTER ALEXANDER SORTO









ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 921805 IN THE 184TH DISTRICT COURT


HARRIS COUNTY






 Per Curiam. 



O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5. (1)

 In November 2003, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted under Article 37.071, and the trial court,
accordingly, set punishment at death. This Court affirmed applicant's conviction and
sentence on direct appeal. Sorto v. State, No. AP-74,836, 173 S.W.3d 469 (Tex. Crim. App.
2005), cert. denied, 548 U.S. 926 (2006).

 Applicant filed his initial post-conviction application for writ of habeas corpus in the
convicting court on July 13, 2005. He filed a subsequent application on July 20, 2006,
asserting that the Eighth Amendment bars his execution because he is mentally retarded and
requesting a full assessment for mental retardation. See Atkins v. Virginia, 536 U.S. 304, 321
(2002). This Court denied relief on the initial application and dismissed the subsequent
application under Art. 11.071, § 5. Ex parte Sorto, Nos. WR-71,381-01 and WR-71,381-02
(Tex. Crim. App. Feb. 25, 2009) (not designated for publication). Applicant then filed a
federal habeas petition alleging that he is mentally retarded and requesting funds for the
preparation of his federal petition. Sorto v. Thaler, No. H-10-CV-613 (S. D. Tex., February
25, 2010). On July 12, 2010, the federal district court stayed the case, finding that the claim
was unexhausted and that it was unclear whether Texas state courts would find the claim to
be procedurally defaulted. Id., Document No. 11 at 2 (citing Balentine v. Thaler, 609 F.3d
729 (5th Cir. June 18, 2010), reh'g granted, op. withdrawn, 626 F.3d 842 (5th Cir. November
17, 2010)). Applicant then filed this second subsequent application for writ of habeas corpus
in the convicting court on November 8, 2010. It was received by this Court on February 3,
2011.


 In this second subsequent application, applicant asserts that the Eighth Amendment
bars his execution because he is mentally retarded; extraneous offense evidence was
erroneously admitted; and he received ineffective assistance of trial counsel because counsel
failed to thoroughly investigate and present mitigating evidence.

 We have reviewed this second subsequent application and find that applicant has
failed to make a threshold presentation of evidence that, if true, is sufficient to show that no
rational factfinder would fail to find that he is mentally retarded. See Ex parte Blue, 230
S.W.3d 151, 163 (Tex. Crim. App. 2007). Further, the application does not contain sufficient
specific facts establishing that but for a violation of the United States Constitution, no
rational juror would have answered one or more of the special issues in the State's favor. 
The application fails to meet the dictates of Article 11.071, § 5(a). Accordingly, the
application is dismissed. Art. 11.071, § 5(c).

 IT IS SO ORDERED THIS THE 20th DAY OF APRIL, 2011.


Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal
Procedure.