# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51086
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2016

Lyle W. Cayce
Clerk

United States of America, ex rel; GEORGE GAGE,

> Plaintiff - Appellant

v.

DAVIS S.R. AVIATION, L.L.C., doing business as Challenger Spares and Support; CHALLENGER REPAIR GROUP, L.L.C.; ORION AIR GROUP, L.L.C.; BOMBARDIER, INCORPORATED; NORTHROP GRUMMAN CORPORATION; STEVE DAVIS, Individually; NORTHROP GRUMMAN DEFENSE MISSION SYSTEMS; NORTHROP GRUMMAN SPACE AND MISSION SYSTEMS, INCORPORATED,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-904

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In this qui tam action, Relator George Gage appeals the district court's denial of his Rule 60(b) motion and his motions for recusal and reconsideration. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51086

George Gage brought this False Claims Act ("FCA") lawsuit against Davis S.R. Aviation, L.L.C.; Challenger Repair Group, L.L.C.; Orion Air Group, L.L.C.; Bombardier, Inc.; Northrop Grumman Corp., and related entities; and Steve Davis (collectively, the "defendants"). Gage's relevant complaint (the third amended) alleged that the defendants, who are government contractors, used defective parts in repairing and maintaining military aircraft. Our previous decision detailed Gage's allegations. *United States ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 623 F. App'x 622, 623–24 (5th Cir. 2015). The district court dismissed with prejudice, holding that most of Gage's claims were foreclosed by the public disclosure bar and none of his claims were adequately pled under Federal Rule of Civil Procedure 9(b). We affirmed, resting our decision solely on the conclusion that Gage's pleading fatally neglected to "alleg[e] with particularity the *who, what, when, where,* and *how* of the . . . fraudulent scheme . . . ." *Id.* at 625–28. We declined to decide whether the public disclosure bar applied. *Id.* at 628.

While the appeal was pending, Gage filed a Rule 60(b) motion for relief from final judgment with the district court. The district court dismissed the Rule 60(b) motion, concluding this court alone had jurisdiction over the case. We vacated and remanded for the district court to consider Gage's Rule 60(b) motion on the merits. *United States ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 613 F. App'x 445, 2015 WL 5012569 (5th Cir. 2015). The district court on remand denied Gage's Rule 60(b) motion, and later separately denied motions for recusal and Rule 59(e) reconsideration. Gage appealed again.

## DISCUSSION

### I. *Rule 9(b) Deficiencies*

Gage argues in part that the district court erred in determining that his claims were inadequately pled under Rule 9(b), and in invoking "hypothetical

2

No. 15-51086

jurisdiction" to reach the Rule 9(b) issue without first ruling on whether the court lacked jurisdiction because of the public disclosure bar. Under a former version of the FCA, the public disclosure bar prohibited qui tam cases "based upon the public disclosure of allegations" unless the person bringing the action was an "original source of the information . . . . on which the allegations are based . . . ." 31 U.S.C. § 3730(e)(4) (1988).[1]

The merits of the district court's judgment are not before us because "the *denial* of a Rule 60(b) motion does not bring up the underlying judgment for review." *See In re Ta Chi Navigation (Pan.) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984). Moreover, we have already ruled that the district court correctly concluded Gage's third amended complaint was deficient under Rule 9(b); we declined to address the implications of the public disclosure bar. *Gage*, 623 F. App'x at 625–28.

In a Rule 28(j) letter, Gage contends that a recent Supreme Court decision undermines our 2015 decision in this case by changing the pleading standard. *See Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989 (2016). Not so. The Supreme Court reiterated that in FCA litigation, "plaintiffs must . . . plead their claims with plausibility and particularity" in compliance with Rules 8 and 9(b). *Id.* at 2004 n.6. The Court held that when a plaintiff is pursuing a theory of an implied false certification, it is not necessary to plead that the "contractual, statutory, or regulatory" requirement the defendant violated is "expressly designated [by the Government as] a condition of payment." *Id.* at 2001. The Court in no way discredited our

---

[1] The public disclosure bar was amended in 2010, but the amendment does "not apply retroactively to suits pending at the time they became effective." *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 n.6 (5th Cir. 2011). The district court held that "the bulk of [Gage's] claims accrued prior to" the amendment, making the version of the statute applicable "to all but the four allegedly false claims presented after" the effective date of the amendment.

holding that Gage did not identify *any* statute or "contract provision . . . violated" by the defendants, which caused his claims to fail. *See Gage*, 623 F. App'x at 625–26. Our previous conclusion that Gage's complaint is deficient still stands.

## II.    *Rule 60(b) Motion*

Rule 60(b) provides, in part, that a district court "may relieve a party . . . from a final judgment" for any one of six enumerated reasons. FED. R. CIV. P. 60(b). Gage moved on the basis of "newly discovered evidence" and extraordinary circumstances. *See id.* 60(b)(2), (6). Denial of a Rule 60(b) motion is reviewed for an abuse of discretion. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003).

The first ground that Gage alleges justified granting relief from judgment was the existence of newly discovered evidence. To obtain relief from judgment on that basis, Gage must show that he "exercised due diligence in obtaining the information," and "that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005); *see also* FED. R. CIV. P. 60(b)(2).

Here, the new evidence submitted is a subpoena issued to Gage by the Air Force Office of Special Investigations in December 2014. Gage asserts that the subpoena shows that information in his third amended complaint caused the Air Force to initiate an investigation into the defendants' contract work. Thus, Gage argues, the district court erred in applying the public disclosure bar because he was the "original source" of the information supporting the allegations.

As an initial matter, it is unclear whether Gage acted with "diligence" concerning the subpoena and investigation. Evidence qualifying as "newly

discovered" must be discovered after issuance of the underlying judgment. *See Longden v. Sunderman*, 979 F.2d 1095, 1102–03 (5th Cir. 1992). Gage concedes that he found out about the investigation shortly after filing his third amended complaint in March 2014, but did not disclose it at that time because he feared "violat[ing] a directive" to keep the information confidential. Gage said he perceived the subpoena to be an independent disclosure, which released him from his obligation to remain silent.

Regardless, we agree with the district court: even if the subpoena and investigation eliminate application of the public disclosure bar, it does not cure the other Rule 9(b) deficiencies in Gage's complaint identified in our previous decision. *Gage*, 623 F. App'x at 625–28. Because the result would not be different even if the district court considered the subpoena and related investigation, Rule 60(b) relief is not warranted. *See Hesling,* 396 F.3d at 639.

Gage next argues that the district court erred in refusing to review *in camera* certain undisclosed documents relating to the Air Force investigation that he asserts would have cured his pleading deficiencies. Gage has made no effort, though, to explain to the district court or to us on appeal how these documents could push a fourth amended complaint into Rule 9(b) compliance. Furthermore, as the district court notes, outside "materials providing additional details are not . . . relevant at this stage in the proceedings." A motion to dismiss for failure to state a claim considers the face of the pleadings without reference to extrinsic evidence. *See United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185–86 (5th Cir. 2009). The district court did not abuse its discretion in denying Gage's Rule 60(b) motion based on newly discovered evidence.

Gage also moved under a catch-all section of the rule that provides relief from judgment for "any other [justifiable] reason . . . ." FED. R. CIV. P. 60(b)(6). There must be "extraordinary circumstances" for relief under that subsection.

No. 15-51086

*Ruiz v. Quarterman*, 504 F.3d 523, 533 (5th Cir. 2007).  Under the facts of this case, we cannot conclude that the district court abused its discretion in finding no extraordinary circumstance warranting relief.

### III.    *Motions for Recusal and Reconsideration*

Gage also contends that the district court erred in denying his motion for recusal.  A party may request recusal if, among other reasons, a judge's "impartiality might be reasonably questioned," or if a judge "has a personal bias or prejudice concerning a party . . . ."  28 U.S.C. § 455(a), (b)(1).  We review denials of motions to recuse for abuse of discretion.  *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003).

Gage argues that recusal is necessary because the district court judge denied his Rule 60(b) motion very quickly and without considering evidence Gage asked to be reviewed *in camera*.  The judicial ruling alone, though, "almost never constitute[s] a valid basis for a bias or partiality motion," and Gage provided no other source of bias against him personally.  *See id.* at 455. Gage's motion for recusal, moreover, was reviewed by a different district court judge, presumably to ensure it was given careful, independent consideration.

As to the speed of the denial of his Rule 60(b) motion, Gage contends that the district court ruled on the motion "within only hours" of issuance of the mandate remanding for consideration on the merits.  The date of the mandate aside, we filed our decision on August 25, 2015, giving the district court notice of our conclusion and instructions on that date.  *Gage*, 613 F. App'x 445, 2015 WL 5012569.  The district court did not file its order on the merits of Gage's Rule 60(b) motion until October 19, almost two months later.  Denial of Gage's motion for recusal does not constitute an abuse of discretion.

Finally, Gage asserts that the district court erred in denying his Rule 59(e) motion for reconsideration, which was filed with his motion for recusal.

No. 15-51086

We review such rulings for an abuse of discretion. *Midland W. Corp. v. F.D.I.C.*, 911 F.2d 1141, 1145 (5th Cir. 1990). His Rule 59(e) motion merely repeats arguments asserted in his motion for relief from judgment, which we have already held lacks merit. The district court did not abuse its discretion in denying the motion for reconsideration.

AFFIRMED.