# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50872
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2020

Lyle W. Cayce
Clerk

SANDFORD T. PULLEY,

      Plaintiff - Appellant

v.

SAFECO INSURANCE COMPANY OF AMERICA,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-452

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

    Plaintiff–appellant Sandford Pulley sued defendant–appellee Safeco Insurance Company of America after Safeco refused to reimburse Pulley for damage sustained to a house that he owned. The magistrate judge recommended that the district court grant summary judgment to Safeco on Pulley's breach-of-contract claims, on two independent bases: (1) Pulley was a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50872

landlord, rather than a resident, of the damaged premises, so the premises were excluded from coverage under his policy and (2) Pulley waited more than a year to report the damage, during which time the damage worsened, thereby prejudicing Safeco and violating his policy's prompt-notice requirement. The magistrate judge also recommended that the district court grant summary judgment to Safeco on Pulley's other claims, which Pulley had failed to brief. The district court overruled Pulley's objections and adopted the magistrate judge's report and recommendation in full.

Pulley argues that summary judgment for Safeco was improper because, in Pulley's view, by initially sending him a check in response to his insurance claim, Safeco conceded liability. Since the check was insufficient to offset his repair costs, appellant argues that the only remaining issue in the case is the amount of damages. Appellant cites neither the terms of the policy nor any legal authority for the proposition that Safeco's partial payment of his claim is an admission of liability. *Cf. Calix v. Lynch*, 784 F.3d 1000, 1003 (5th Cir. 2015) ("[A]ppellate briefs must adequately present a legal argument by, among other things, providing citations to authorities."). Accordingly, and because appellant fails to address the district court's bases for dismissing his claims, we affirm the grant of summary judgment to Safeco.

Appellant also argues that the district court erred by, earlier in the litigation, denying his motion for leave to file a fourth amended complaint. Although his briefing is not entirely clear, appellant seems to argue that this denial somehow affected his case against Safeco. But the proposed fourth amended complaint and the operative third amended complaint both stated identical claims with respect to Safeco. As Pulley told the district court, the purpose of his fourth amended complaint was to add an additional defendant to the case. In denying the motion, the district court explained that Pulley could pursue all his claims "in the context of his current pleadings." Pulley did

2

No. 19-50872

so, and his claims against Safeco were subsequently rejected on the merits. He has not shown that the district court erred in denying him leave to amend his complaint.[1]

The judgment of the district court is AFFIRMED.

---

[1] Finally, appellant asserts, without evidence, that the district court's grant of summary judgment to Safeco demonstrates the existence of "clear bias against Pulley's counsel in the Western District of Texas." This is not the first time that we have heard vague and unsubstantiated accusations of judicial bias from Pulley's counsel. *See, e.g.*, *Bradford v. Nationwide Ins. Co. of Am.*, No. 19-50555, 2020 WL 1230317, at *2 (5th Cir. Mar. 12, 2020) (unpublished); *United States ex rel. Gage v. Davis S.R. Aviation, LLC*, 658 F. App'x 194, 199 (5th Cir. 2016). Counsel is advised that this is not effective appellate strategy.